IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BARRACLOUGH | ) | |
| and FANG YAN, | ) | CIVIL ACTION NO.  2:23-cv-654 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANIMAL FRIENDS, INC., | ) | |
| JUSTIN GALVIN, | ) | |
| and KRISTA KOONTZ, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, WILLIAM BARRACLOUGH and FANG YAN, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2.      This action is brought against the Defendants for violating Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

3.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).  Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5.      Plaintiff, William Barraclough ("Barraclough"), is an adult individual, resident of Allegheny County, Pennsylvania, and a United States citizen.  Plaintiff Barraclough is the husband of Plaintiff Fang Yan.

6.      Plaintiff, Fang Yan ("Yan"), is an adult individual residing in Allegheny County, Pennsylvania.  Plaintiff Yan is of Asian descent and a permanent resident of the United States. Plaintiff Yan is the wife of Plaintiff Barraclough.

7.      Defendant, Animal Friends, Inc. ("Animal Friends"), is a Pennsylvania non-profit organization, society or association located at 562 Camp Horne Road, Pittsburgh, Pennsylvania 15237.  Defendant Animal Friends employs humane investigation officers pursuant to 22 Pa.C.S. § 3701.  At all times relevant hereto, Defendant Animal Friends was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

8.      Defendant, Justin Galvin ("Galvin"), is now, and was at all times relevant to Plaintiffs' claims, a duly appointed and acting humane officer employed by Defendant Animal Friends, purporting to act within the full scope of his authority and office, and under color of state law, and pursuant to the statutes, ordinances, regulations and customs and usages of the Commonwealth of Pennsylvania.  At all times relevant to this action, Defendant Galvin was authorized to conduct police activities related to Defendant Animal Friends' mission, pursuant to 22 Pa.C.S. § 3701, *et. seq.*

9.      Defendant, Krista Koontz ("Koontz"), is now, and was at all times relevant to Plaintiffs'

claims, a duly appointed and acting humane officer employed by Defendant Animal Friends,

purporting to act within the full scope of her authority and office, and under color of state law,

and pursuant to the statutes, ordinances, regulations and customs and usages of the

Commonwealth of Pennsylvania.  At all times relevant to this action, Defendant Koontz was

authorized to conduct police activities related to Defendant Animal Friends' mission, pursuant to

22 Pa.C.S. § 3701, *et. seq.*

## FACTUAL ALLEGATIONS

10.      Plaintiffs own a property in Crescent Township, Pennsylvania.

11.      At all times relevant to this Complaint, Plaintiffs owned nine (9) Alaskan Malamutes,

two (2) Poodles, two (2) Afghan hounds, and one (1) Golden Retriever.

12.      In or about April of 2022, Plaintiffs housed nine (9) of their dogs at their property in

Crescent Township, which was vacant at that time.

13.      The property in Crescent Township has kennels for each of the dogs including, but not

limited to, 10ft x 10ft kennels in the basement and garage areas.

14.      At all times relevant to this Complaint, Plaintiffs Baraclough and/or Fan visited the

property in Crescent Township a minimum of once per day in order to feed, bathe, and properly

care for the dogs that were housed at the property.

15.      At all times relevant to this Complaint, Plaintiffs' dogs were properly cared for and were

healthy.

16.      On or about April 29, 2022, Defendants Galvin and/or Koontz posted a notice at the

property in Crescent Township for the Plaintiffs to contact Defendants Galvin and/or Koontz.

17.     Plaintiffs complied with the aforementioned notice.  Defendants Galvin and Koontz arrived at the property shortly thereafter.

18.     At that time, Defendants Galvin and Koontz inspected the Plaintiffs' property and the dogs housed at that property.

19.     Defendants Galvin and/or Koontz then instructed the Plaintiffs to clean the areas on the property where the dogs were housed, to make appointments with the veterinarian for vaccinations, and to make grooming appointments for the dogs.

20.     Plaintiffs complied with Defendants Galvin and/or Koontz's above-described demands.

21.     The following day, Defendants Galvin and Koontz returned to the Plaintiffs' property.

22.     At that time, Plaintiffs presented proof to Defendants Galvin and Koontz that they had complied with the Defendants' aforementioned instructions.

23.     Defendants Galvin and Koontz then demanded that the Plaintiffs remove the dogs from the property within the next two (2) hours, despite the fact that Plaintiffs had complied with their requests and provided proof of that compliance.

24.     Plaintiffs attempted to rehome and/or board the dogs but were unable to relocate all of the dogs in the short amount of time provided by Defendants Galvin and Koontz, as described hereinbefore above.

25.     Thereafter, Defendant Galvin obtained an invalid search warrant for the seizure of "any animals to include 9+ dogs on property, evidence pertaining to the care of animals present, including medications, specialty food, etc." on the Plaintiffs' property in Crescent Township.

26.     The search warrant was invalid and legally insufficient because it relied on an affidavit of probable cause which contained information which was false, including, but not limited to, false statements that the dogs on the property were "covered in feces" and had "urine staining."

27.     Defendants Galvin and Koontz knew, or should have known, that the information contained in the affidavit of probable cause was false because Defendants Galvin and Koontz had observed the conditions of the dogs and the property.

28.     Furthermore, the search warrant was invalid and legally insufficient because the affidavit of probable cause lacked exculpatory evidence including, but not limited to, information stating that the Plaintiffs provided Defendants Galvin and Koontz with proof that they had complied with the Defendants' instructions to clean the areas of the property where the Plaintiffs housed the dogs, to make veterinarian appointments, and to groom the dogs.

29.     Defendants Galvin and Koontz knew, or should have known, that the information contained in the affidavit of probable lacked exculpatory evidence because Defendants Galvin and Koontz had observed that the Plaintiffs had complied with the Defendants' aforementioned instructions.

30.     Thereafter, Defendants Galvin and Koontz unlawfully entered Plaintiffs' home, without the Plaintiffs' consent, despite their knowledge that the search warrant was invalid.

31.     Defendants knew, or should have known, that the warrant was invalid and was legally insufficient, as it included false information and lacked exculpatory evidence, as described hereinbefore above.

32.     Plaintiffs arrived shortly after Defendants Galvin and Koontz illegally entered the property.

33.     Plaintiff Yan requested that the Defendants Galvin and Koontz allow the Plaintiffs more time to rehome their dogs.

34.     At or around that time, Defendant Galvin made discriminatory statements to Plaintiff Yan including, but not limited to, "I didn't bring you here," and "I don't care what they do in China."

35.    Plaintiffs believe, and therefore aver, that Defendant Galvin made the above-described discriminatory statements to Plaintiff Yan based on her race, Asian, and/or her country of origin, China.

36.    Plaintiffs further believe, and therefore aver, that the illegal conduct of Defendants Galvin and Koontz, as described herein, was based on Plaintiff Yan's race, Asian, and/or her country of origin, China.

37.    Plaintiffs also believe, and therefore aver, that the illegal conduct of Defendant Galvin and Koontz, as described herein, against Plaintiff Barraclough was done in retaliation for his familial association with Plaintiff Yan based on racial animosity toward Plaintiff Yan.

38.    During this unlawful search and seizure, Defendants Galvin and Koontz illegally and improperly seized five (5) dogs belonging to the Plaintiffs.

39.    Defendants Galvin and/or Koontz threatened the Plaintiffs with arrest and imprisonment if Plaintiffs did not surrender their dogs to the Defendants.

40.    As a direct and proximate result of the threats made by Defendant Galvin and/or Koontz, as described hereinbefore above, Plaintiffs surrendered their dogs under duress.

41.    The dogs that were illegally seized from the Plaintiffs were taken to Defendant Animal Friends by Defendants Galvin and/or Koontz.

42.    To date, Plaintiffs' dogs that were illegally seized by Defendants Galvin and Koontz and transported to Defendant Animal Friends have not been returned to the Plaintiffs.

43.    The value of the dogs that were illegally seized from the Plaintiffs is approximately $26,400.00.

44.    Plaintiffs also suffered a loss of companionship from their dogs.

45.     Defendant Animal Friends has a duty to properly train, control, discipline and/or supervise its agents, Defendants Galvin and Koontz.

46.     More specifically, Defendant Animal Friends has a duty to properly train Defendants Galvin and Koontz on proper search warrants.

47.     Defendant Animal Friends failed to properly train, control, discipline and/or supervise its agents, Defendants Galvin and Koontz, in the proper method of obtaining search warrants.

48.     Defendant Animal Friends' failure to properly train, control and/or supervise Defendants Galvin and Koontz in the proper method of obtaining search warrants created a substantial risk of the constitutional violations identified herein.

49.     Plaintiff believes, and therefore avers, that Defendant Animal Friends allowed Defendants Galvin and Koontz to engage in a course, pattern, or practice of improper, unlawful and malicious conduct, and that it ratified, endorsed, acquiesced to, or approved of the named Defendants' unlawful conduct.

50.     As a direct and proximate result of Defendants' improper and illegal conduct, and each of them, Plaintiffs have suffered, and continue to suffer, severe emotional distress as a direct result of Defendants' unlawful actions.

51.     On or about July 29, 2022, Defendant Galvin charged Plaintiffs Barraclough and Yan with multiple criminal charges of animal neglect, without probable cause, in connection with the above-described events on or about April 29, 2022, and April 30, 2022.

52.     Defendant Galvin knew, or should have known, through the use of reasonable caution, that no probable existed for the aforementioned criminal charges.

53.     Plaintiffs believe, and therefore aver, that Defendant Galvin charged Plaintiff Yan based on her race, Asian, and/or her country of origin, China.

7

54.     Plaintiffs also believe, and therefore aver, that Defendant Galvin charged Plaintiff Barraclough in retaliation for his familial association with Plaintiff Yan based on his animosity toward Plaintiff Yan.

55.     Plaintiffs' criminal charges of animal neglect were dismissed on or about September 29, 2022.

56.     As a direct and proximate result of the Defendants' improper and illegal conduct, Plaintiff Yan has suffered from severe anxiety, nightmares, and sleeplessness.

57.     As a direct and proximate result of the Defendants' improper and illegal conduct, Plaintiff Barraclough has suffered from severe anxiety and gastrointestinal issues.

COUNT I:

PLAINTIFFS v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

UNLAWFUL SEARCH AND SEIZURE

58.     Plaintiffs incorporate by reference Paragraphs 1 through 57 as though fully set forth at length herein.

59.     At all times relevant to this Complaint, Defendants Galvin and Koontz were exercising their powers as a state actors and humane police officers on behalf of, and as employees of, Defendant Animal Friends.  Defendant Animal Friends provided Defendants Galvin and Koontz with resources and otherwise aided and abetted Defendants' unlawful search and seizures.

60.     Defendant Galvin intentionally and recklessly sought and obtained an invalid, unlawful search warrant with an affidavit of probable cause which contained false information and lacked

exculpatory evidence.  Defendants Galvin and Koontz used that warrant to make an illegal search of Plaintiffs' property and an illegal seizure of Plaintiffs' property.

61.     Defendants Galvin and Koontz knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for issuance and execution of a search warrant on the Plaintiffs' property and for the seizure of any property of the Plaintiffs. Defendants Galvin and Koontz also knew, or should have known through the exercise of reasonable caution, that no reasonable basis existed for seizing Plaintiffs' dogs.

62.     Obtaining and executing a search warrant with an affidavit of probable cause lacking exculpatory evidence and/or containing false information, as well as seizing Plaintiffs' property, constitutes malice on the part of the named Defendants.

63.     Defendants Galvin and Koontz acted under the color of law and their actions constituted an arbitrary and unconscionable abuse of government authority.

64.     Obtaining and executing an illegal, invalid search warrant, and the seizure of Plaintiffs' property without just cause or valid excuse, constituted an unlawful search and seizure by Defendants Galvin and Koontz in violation of Plaintiffs' rights under 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

65.     The actions of the Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting the individual Defendants, and each of them, to punitive damages.

66.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiffs suffered the following injuries and damages:

    a.      a violation of Plaintiffs' constitutional rights under 42 U.S.C. §1983 and
            the Fourth Amendment to the United States Constitution;

    b.      fright, horror and shock;

c.      emotional trauma and suffering;

d.      economic damages related to cost of suit; and

e.      any and all other consequential damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF YAN v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

EQUAL PROTECTION – RACE / NATIONAL ORIGIN

67.    Plaintiffs incorporate by reference Paragraphs 1 through 66 as though fully set forth at length herein.

68.    As more fully described hereinbefore above, Defendants Galvin and Koontz, through their authority and training provided by Defendant Animal Friends, illegally entered the Plaintiffs' property and performed an unlawful search and seizure.

69.    Plaintiffs believe, and therefore aver, that Defendants intentionally initiated the illegal search and seizure based on Plaintiff Yan's race, Asian, and/or her national origin, China, in

direct violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

70.     As described hereinbefore above, Defendant Galvin made discriminatory statements to Plaintiff Yan including, but not limited to, "I didn't bring you here," and "I don't care what they do in China."

71.     Plaintiffs believe, and therefore aver, that Defendant Galvin made these discriminatory statements to Plaintiff Yan based on her race, Asian, and/or her country of origin, China.

72.     Plaintiffs believe, and therefore aver, that Defendant Galvin criminally charged Plaintiff Yan, without any probable cause, based on her race, Asian, and/or national origin, China.

73.     The actions of the Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff Yan, thereby subjecting the individual Defendants, and each of them, to punitive damages.

74.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff Yan suffered the following injuries and damages:

    a.      a violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

    b.      fright, horror and shock;

    c.      emotional trauma and suffering;

    d.      economic damages related to cost of suit; and

    e.      any and all other consequential damages.

    WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF BARRACLOUGH v. DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

RETALIATION – FAMILIAL ASSOCIATION

75.     Plaintiffs incorporate by reference Paragraphs 1 through 74 as though fully set forth at length herein.

76.      Plaintiff Barraclough claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of his constitutional rights under color of law.

77.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the First Amendment to the United States Constitution, Plaintiff Barraclough had the right to be free from retaliation based on familial affiliation.

78.     As described hereinbefore above, Plaintiffs believe, and therefore aver, that the unlawful actions of the Defendant, as described herein, were taken against Plaintiff Barraclough in retaliation for his familial association with Defendant Yan.

79.     As described hereinbefore above, Plaintiff Barraclough's right to be free from retaliation based on his familial affiliation was violated when Defendants Galvin and Koontz executed an unlawful search and seizure and when Plaintiff Barraclough was criminally charged by Defendant Galvin, without probable cause, in retaliation for his familial association with Plaintiff Yan.

12

80.     Defendants Galvin and Koontz's actions deprived Plaintiff Barraclough of rights guaranteed to her by the First Amendment to the United States Constitution.

81.     As a direct and proximate result of the acts described hereinbefore above, perpetrated by Defendants, and each of them, Plaintiff Barraclough suffered the following injuries and damages:

   a.     a violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the First Amendment to the United States Constitution;

   b.     fright, horror and shock;

   c.     emotional trauma and suffering;

   d.     economic damages related to cost of suit; and

   e.     any and all other consequential damages.

   WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF BARRACLOUGH v. DEFENDANT GALVIN

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT
TO THE UNITED STATES CONSTITUTION

MALICIOUS PROSECUTION

82.     Plaintiffs incorporate by reference Paragraphs 1 through 81 as though fully set forth at length herein.

83.     Plaintiff Barraclough claims damages for the injuries set forth herein under 42 U.S.C.

§1983 against the Defendant Galvin for violations of her constitutional rights under color of law.

84.     As more fully described hereinbefore above, Defendant Galvin intentionally initiated the

prosecution of Plaintiff Barraclough without probable cause.

85.     Defendant Galvin knew, or should have known, that there was no reasonable basis for the

aforementioned criminal charge to be brought against Plaintiff Barraclough.

86.     Charging Plaintiff Barraclough without probable cause constitutes malice on the part of

Defendant Galvin.

87.     Plaintiffs believe, and therefore aver, that Plaintiff Barraclough was unjustifiably and

maliciously prosecuted by Defendant Galvin as a direct result of Plaintiff Barraclough's familial

association with Plaintiff Yan.

88.     The actions of Defendant Galvin constituted malicious prosecution in that:

      a.     Defendant Galvin initiated criminal proceedings against Plaintiff
         Barraclough;

      b.     the criminal proceeding ended in Plaintiff Barraclough's favor;

      c.     the prosecution of Plaintiff Barraclough was initiated without probable
         cause;

      d.     Defendant Galvin acted maliciously and/or for the purposes other than
         bringing Plaintiff Barraclough to justice; and

      e.     Plaintiff Barraclough suffered retaliation based on his First Amendment
         rights under the United States Constitution as a direct result of his familial
         association to Plaintiff Barraclough.

89.     The actions of Defendant Galvin were willful, wanton and/or done with a reckless

disregard for the rights of Plaintiff Baraclough, thereby subjecting Defendant Galvin to punitive

damages.

90.    Defendants Galvin's actions deprived Plaintiff Barraclough of rights guaranteed to him by the First Amendment to the United States Constitution.

91.    As a direct and proximate result of the acts described hereinbefore above, perpetrated by Defendant Galvin, Plaintiff Barraclough suffered the following injuries and damages:

      a.    a violation of Plaintiff's constitutional rights under 42 U.S.C. §1983 and the First Amendment to the United States Constitution;

      b.    fright, horror and shock;

      c.    emotional trauma and suffering;

      d.    economic damages related to cost of suit; and

      e.    any and all other consequential damages.

WHEREFORE, Plaintiffs demand compensatory general damages against Defendant Galvin in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Galvin; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLANTIFFS v. DEFENDANTS GALVIN and KOONTZ

VIOLATION OF PLAINTIFFS'
PENNSYLVANIA COMMON LAW RIGHTS

<u>TRESSPASS</u>

92.    Plaintiffs incorporate by reference Paragraphs 1 through 91 as though fully set forth at length herein.

93.    Defendants Galvin and Koontz intentionally entered Plaintiffs' property without

15

Plaintiffs' consent or any privilege to do so.

94.      Thereafter, Defendants Galvin and Koontz intentionally remained on Plaintiffs' property for some period of time without Plaintiff's consent or any privilege to do so.

95.      The actions of the Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiffs, thereby subjecting the individual Defendants, and each of them, to punitive damages.

96.      As a direct result of the acts described hereinbefore above, perpetrated by the named Defendants, Plaintiffs suffered the following injuries and damages:

       a.      a violation of Plaintiffs' rights under Pennsylvania Common Law;

       b.      fright, horror and shock;

       c.      emotional trauma and suffering;

       d.      economic damages related to cost
            of suit; and

       e.      any and all other consequential damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the individual Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                             JURY TRIAL DEMANDED

COUNT VI:

PLANTIFFS v. DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>TRESPASS TO CHATTEL</u>

97.     Plaintiffs incorporate by reference Paragraphs 1 through 96 as though fully set forth at

length herein.

98.     Defendants Galvin and Koontz intentionally deprived the Plaintiffs of their possessions,

*i.e.* their dogs, without Plaintiffs' consent and without any lawful justification to do so.

99.     The value of the dogs that were illegally seized from the Plaintiffs is approximately

$26,400.00.

100.     Plaintiffs also suffered a loss of companionship from their dogs.

101.     The dogs that were illegally seized from the Plaintiffs were taken to Defendant Animal

Friends.

102.     To date, Plaintiffs' dogs that were illegally seized by Defendants Galvin and Koontz and

transported to Defendant Animal Friends have not been returned to the Plaintiffs.

103.      The actions of the Defendants, and each of them, were willful, wanton and/or done with

a reckless disregard for the rights of Plaintiffs, thereby subjecting the individual Defendants, and

each of them, to punitive damages.

104.     As a direct result of the acts described hereinbefore above, perpetrated by the named

Defendants, Plaintiffs suffered the following injuries and damages:

          a.     Plaintiff's rights under Pennsylvania Common Law were violated;

          b.     fright, horror and shock;

          c.     emotional trauma and suffering;

d.      economic damages related to cost
        of suit; and

e.      any and all other consequential damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the

Defendants, and each of them, in the amount proven at trial; compensatory special damages

including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre-

and post-judgment interest as permitted by law; punitive damages against the individual

Defendants, and each of them; and such other relief, including injunctive and/or declaratory

relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLANTIFFS V. DEFENDANTS GALVIN and KOONTZ

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

105.    Plaintiffs incorporate by reference Paragraphs 1 through 104 as though fully set forth at

length herein.

106.    The aforementioned conduct of Defendants Galvin and Koontz is extreme and

outrageous.  As a direct and proximate result of said conduct Plaintiffs suffered, and continue to

suffer, severe emotional distress and physical manifestations of stress.

107.    As a direct and proximate result of the intentional conduct of Defendants Galvin and

Koontz, Plaintiffs suffered, and will continue to suffer for an indefinite period into the future,

great pain, suffering, inconvenience, mental anguish, emotional distress and physical injury

including, but not limited to, psychological problems, embarrassment, inconvenience and

18

humiliation.

108.   The actions of the named Defendants, and each of them, were willful, wanton and/or done with a reckless disregard for the rights of Plaintiffs, thereby subjecting the individual Defendants, and each of them, to punitive damages.

109.   As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiffs suffered the following injuries and damages:

     a.     violation of the Plaintiffs' Pennsylvania Common Law rights;

     b.     fright, horror and shock;

     c.     emotional trauma and suffering;

     d.     economic damages related to cost of suit; and

     e.     any and all other consequential damages.

WHEREFORE, Plaintiffs demand compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against the Defendants, and each of them; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone _____
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiffs*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  April 21, 2023